IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PATRICK UZOMBA,<br>No. 881642<br><br>　　*Plaintiff,*<br><br>v.<br><br>BEXAR COUNTY,<br>Sergeant FNU GARCIA,<br>Nurse Practitioner FNU RAMDASS,<br>Officer FNU ALADNA, #1014,<br>S.A. Police Officer FNU DANIEL,<br>S.A. Police Officer J. Martin, #1193,<br>Dr. K. WHITELEY,<br>Sergeant FNU BERRY,<br>UNIVERSITY HEALTH SYSTEM,<br>CITY OF SAN ANTONIO,<br>Unknown Bexar County Sheriff's Deputy #1<br>Unknown Bexar County Sheriff's Deputy #2<br>Unknown Court-Appointed Attorney,<br>And S.A. Police Officer FNU Riojas,<br><br>　　*Defendants*. | Civil Action No.  SA-14-CA-372-XR |

**ORDER**

On this day the Court considered Plaintiff's motion for extension of time to comply with this Court's show cause order issued June 18, 2014.  For the following reasons, Plaintiff's motion is DENIED and his claims are DISMISSED pursuant to 28 U.S.C. §1915(g).

**I. BACKGROUND**

On April 23, 2014, *pro se* Plaintiff Patrick Uzomba, who is currently detained at Bexar County Adult Detention Center (BCADC), filed this case under 42 U.S.C. § 1983, seeking permission to proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915.  In his complaint,

1

Plaintiff describes events that occurred between December 2010 and April 25, 2014. His claims included allegations of (1) false arrests by SAPD officers and Bexar County sheriffs; (2) unlawful treatment by BCADC and its officials; (3) deliberate indifference to Plaintiff's health by UHS and its medical staff; (4) inadequate protection of Plaintiff's civil rights due to the policies of City of San Antonio and Bexar County; and (5) a conspiracy between Plaintiff's court-appointed attorney and prosecutors.

On June 18, 2014, this Court issued a show cause order directing Plaintiff to (1) file a complete IFP application within 35 days or pay the Clerk of this Court $400 within 21 days, and (2) file an amended complaint within 35 days showing that his claims should not be dismissed pursuant to the three-strike rule, as frivolous, or for failure to state a claim. This Court's order clearly warned Plaintiff that failure to comply with the order's directives would result in dismissal of his claims.

On July 14, 2014, Plaintiff filed a motion for extension of time to comply with paragraph 2 of the show cause order. This paragraph stipulated that instead of applying for leave to proceed IFP, Plaintiff could pay the Clerk of this Court $400 within 21 days of the show cause order. Plaintiff asserted that he had tentative arrangements for employment if he was released on August 1, and would like to arrange payment on or about August 22.

On July 28, 2014, Plaintiff filed a supplement to his motion for extension of time "request[ing] for the Court's permission to preserve his rights to file a response to Show Cause Order, and other needed and necessary Motions." Asserting claims that he had difficulties communicating with his attorney, that the procedures for obtaining access to the law library were limiting and required a grant of extra time, and that he needed important documents from Defendants, Plaintiff requested 45-90 days to file his response to the Show Cause Order.

## II. DISCUSSION

### A. Plaintiff's motion for extension of time is denied.

Federal Rule of Civil Procedure 6(b) "shows that any grant of an extension of time for when an act must be done falls to the district court's discretion." *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010); *see also* FED. R. CIV. P. 6(b).  A court may, for good cause, grant a motion for an extension of time that is filed before the original time expires.  FED. R. CIV. P. Rule 6(b)(1)(A).  If Plaintiff were to comply with Court's order by paying the filing fee, the filing fee was due July 9.  The earliest Plaintiff proposes to possibly pay the filing fee is August 22.  Plaintiff's request to pay the $400 filing fee upon his release and employment is too speculative.  The Court therefore does not find good cause to extend the compliance deadline for paying the filing fee.  Accordingly, the Court will evaluate whether Plaintiff may proceed IFP.

Plaintiff's supplement to his motion to extend time seeks additional time to respond to the Show Cause Order.  Plaintiff claims that he is currently dealing with his pending criminal charges, has limited access the law library, and that the response to the Show Cause Order demands complex legal analysis.  However, the Show Cause Order required Plaintiff to plead facts that should be within his knowledge, not to engage in complex legal analysis.  Plaintiff should have been able, and in fact has to some extent, responded to the Court's Show Cause Order regarding his knee injury and whether he is barred by the three-strikes rule.  Plaintiff is denied additional time to respond to the Show Cause Order.

### B. Plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(g).

To qualify for IFP status, a plaintiff must comply with 28 U.S.C. § 1915(g) ("the three strikes rule"), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the

> prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  In the Show Cause Order, this Court noted that before Plaintiff filed his present action, four of his previous lawsuits had been dismissed as frivolous, earning him four strikes under the statute: (1) *Uzomba v. Chief of El Paso Police,* No. EP-03-CA-0077-DB (W.D. Tex. Aug. 12, 2003) ("DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim for relief."); (2) *Uzomba v. City of San Antonio*, No. SA-12-CA-1193, 2013 WL 1897009 (W.D. Tex. May 6, 2013) (complaint against 13 defendants dismissed for failure to state to a claim and frivolousness); (3) *Uzomba v. UHS*, No. SA:13-CV-177 (W.D. Tex. Mar. 3, 2013) ("DISMISSED as frivolous."); and (4) *Uzomba v. UHS*, No. SA: 13-CV-177, 2014 WL 1015713, at *4 (5th Cir. Mar.18, 2014) ("[A]ppeal is without arguable merit and is dismissed as frivolous.").  The Fifth Circuit has noted that "dismissals as frivolous in the district courts *or* the court of appeals count for the purposes of the statute" as a strike.  *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (emphasis added).

Nonetheless, as the three strikes rule indicates, an inmate litigant with three strikes may still proceed IFP if he can demonstrate that he is "under imminent danger of serious physical injury."  *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998).  Plaintiff alleged in his complaint that he became susceptible to imminent danger of irreparable harm to his knee when BCADC confiscated his medically prescribed walking cane, and Dr. Whiteley—the UHS director for BCADC—refused to order its return to Plaintiff.  A UHS radiologist that Plaintiff identifies as "John" has apparently declared that if plaintiff continues to walk on his knee without the aid of his cane, he may require knee-replacement surgery.  Similar allegations,

4

however, have already been dismissed as frivolous for failure to show any substantial harm that could result from delays in his medical care. *See Uzomba v. UHS*, No. SA:13-CV-177 (W.D. Tex. Mar. 3, 2013); *Uzomba v. UHS*, 2014 WL 1015713, at *1 (5th Cir. Mar. 18, 2014). Plaintiff alleges in his supplement to his motion for extension of time that "there has been a direct refusal and avoidance to have Uzomba evaluated and/or examined by medical expert or a competent medical doctor and/or knee specialist." Plaintiff also states that he is not alleging a simple disagreement regarding medical care. However, Plaintiff had previously alleged that Dr. Whitely's response to his grievance included the conclusion that NP Chan did not feel that a cane was necessary. Further, Plaintiff has apparently been suffering from this knee injury for years, and fails to show that substantial harm is imminent if he is not given a cane or given treatment before he is released.

This Court previously noted in its show cause order that Plaintiff's renewal of these claims appears to be barred by res judicata. In *Uzomba v. UHS*, the district court dismissed the case, and the Fifth Circuit subsequently dismissed Plaintiff's appeal as frivolous. Plaintiff's supplement to his motion for extension of time does not show why res judicata does not bar these claims. Plaintiff additionally fails to show how the confiscation of his cane has subjected him to imminent danger of serious physical injury. Plaintiff does not qualify for the imminent danger exception to proceed IFP. *See Cain v. Shilling,* 2001 WL 515263, *2 (W.D.Va. Mar.14, 2001) (imminent danger not established when prisoner alleged he did not receive the treatment he believed necessary); *see also Ford v. Foti,* 2001 WL 845461, *1 (E.D.La. July 25, 2001) (finding that the plaintiff failed to demonstrate imminent danger of serious physical injury when he alleged he was given inadequate medical care for Hepatitis-C).

In addition, none of Plaintiff's other claims qualify for the imminent danger exception. Plaintiff's request to add claims and parties is DENIED.

### III. CONCLUSION

The fact that Plaintiff has had at least four previous claims dismissed as frivolous prevents Plaintiff from bringing this action. Plaintiff's motion to proceed IFP (docket no. 4) is DENIED.  Plaintiff's motion for extension of time to comply with the Show Cause Order (docket no. 5 & docket no. 6) is DENIED. Pursuant to the three-strikes rule, Plaintiff's claims are DISMISSED and this case is closed.

SIGNED this 8th day of August, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE